## Steel *against* The Commonwealth.

A justice of the peace has power to take a recognizance for the appearance of one arrested on suspicion of horse stealing.

ERROR to the common pleas of *Westmoreland* county.

The Commonwealth against James Steel. *Scire facias sur recognizance* in the court of common pleas. Case stated as a special verdict.

That on the 28th day of November 1835, a certain John Kirkland was charged, *on suspicion*, upon the oath of a certain Josiah Meanor, with stealing a grey gelding, the property of the said Josiah Meanor.

That the said Kirkland was arrested on the warrant aforesaid, and being brought before William M'Kinney, Esq. on the said 28th day of November 1835, entered into a recognizance, with James Steel, the defendant, as his surety, to appear at the next court of quarter sessions for the county of Westmoreland, to answer the said charge of horse stealing. That on the 25th day of February 1836, the recognizance of the said John Kirkland and James Steel was forfeited in the said court of quarter sessions. That the said recognizance is the plaintiff's only cause of action in this case. If the court should be of opinion under this state of facts that the plaintiff is entitled to recover, their judgment to be given for the plaintiff for the amount of the recognizance with costs. But if the court should be of a contrary opinion, judgment to be given for the defendant. Either party to be at liberty to sue out a writ of error.

The court below rendered a judgment for the plaintiff.

*Nichols*, for plaintiff in error.
*Armstrong*, for defendant in error.

PER CURIAM.—Justices of the peace are forbidden to bail prisoners charged with horse stealing on the direct testimony of a witness; that is, as we understand it, by a positive oath. The legislature might well think fit to confide this duty exclusively to the law judges in urgent cases, which require substantial security to counteract the probability of flight, and yet leave the minor probabilities of guilt to be dealt with by the ordinary magistracy. It cannot be said the prisoner was charged directly, by one who swore only that he suspected him; and the justice was therefore competent to take the recognizance.

Judgment affirmed.